IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDWARD SILVA,

    Plaintiff,

v.

SAFECO INSURANCE COMPANY OF AMERICA,

    Defendant.

## NOTICE OF REMOVAL

Defendant, Safeco Insurance Company of America ("Safeco or "Defendant"), by and through its undersigned counsel of record, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby gives notice of the removal of this action from the Second Judicial District, County of Bernalillo, State of New Mexico, Case No. D-202-CV-2016-00831, to the United States District Court for the District of New Mexico, and states as follows:

### I.    INTRODUCTION

1. On February 8, 2016, Plaintiff, Edward Silva ("Plaintiff" or "Silva"), commenced this action by filing his Complaint for Underinsured Motorist Benefits ("UIM") and Insurance Bad Faith in the Second Judicial District, County of Bernalillo, State of New Mexico, Case No. D-202-CV-2016-00831 against Defendant.  *See* Plaintiff's Complaint, attached hereto as Exhibit A.

2. According to the Complaint, on or about September 3, 2013, Plaintiff was riding his 1991 Harley Davidson Electra Glide Ultra Classic Motorcycle when he was involved in a motorcycle/motor vehicle collision with an underinsured motorist.  Plaintiff claims that as a result of the accident, he sustained injuries and damages.  Plaintiff also claims that the alleged tortfeasor insurance carrier paid the limits of his insurance coverage.  *Id.*, ¶¶ 9 through 16.

3. Plaintiff claims that as a result of the accident, he sustained personal injury damages including but not limited to bodily injuries, medical expenses, enduring pain and suffering and a loss of wages. *Id.*, ¶ 12.

4. Safeco issued a policy of insurance to Kasumi Silva on or about June 25, 2013. *Id.*, ¶ 5. Upon information and belief, Kasumi Silva is Plaintiff' ex-wife. *Id.*

5. Plaintiff claims that the motor vehicle policy issued to Plaintiff's ex-wife, is triggered for his motorcycle accident. Plaintiff alleges that his claims exceed the value of what the alleged tortfeasor offered.

6. Additionally, Plaintiff claims that following the motor vehicle accident, he made a claim for UIM benefits under the Safeco policy of insurance issued to Kasumi Silva but Safeco failed to make a reasonable offer to settle the Plaintiff's claims.

7. Plaintiff alleges five counts against Safeco including Negligence of the Tortfeasor (Count I), Claim for Underinsured Motorist Benefits (Count II), Breach of Contract, (Count III), Unfair Insurance Practices, (Count III), *sic* and Bad Faith (Count IV). *See* Complaint at pages 3 to 7.

## II.  DIVERSITY JURISDICTION

8. In his Complaint, Plaintiff asserts claims over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because: (a) the parties are citizens of different states; and (b) the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332 (a). Where a complaint does not contain dispositive allegations of the amount in controversy, the jurisdictional amount is determined by the

allegations in the underlying complaint.  *See, e.g., Laughlin v. Kmart Corp.*, 50 P.3d. 871, 873 (10th Cir. 1995).  Calculations of the amount in controversy include both compensatory and punitive damages.  *See, e.g., Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943); *Watson v. Blankenship*, 20 F.3d 383, 386 (10th Cir.1994).

### A.     **Complete Diversity of Citizenship Exists.**

10.    As alleged in his Complaint, Plaintiff is a resident of the City of Albuquerque, Bernalillo County, State of New Mexico.  *See* Complaint ¶ 1.

11.    Safeco is incorporated under the laws of the State of Wisconsin and maintains its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116, and thus, is deemed to be a citizen of Wisconsin and Massachusetts.  28 U.S.C. § 1322(c)(1).

12.    For purposes of federal diversity jurisdiction, the parties are completely diverse.

### B.     **The Amount in Controversy Exceeds $75,000.**

13.    Although Defendant contests liability and damages, Plaintiff seeks a monetary judgment against Defendant that, upon information and belief, exceeds $75,000.  Plaintiff claims that he sustained personal injury damages.  *See* Complaint.  Upon information and belief, Plaintiff sought $100,000.00 to resolve the UIM claim for damages as a result of the subject motorcycle accident.  In addition to his claim for UIM damages, Plaintiff now seeks damages for breach of contract, bad faith and statutory violations including but not limited to punitive damages.  *Id.*  Plaintiff further seeks pre- and post-judgment interest, emotional distress, costs, attorney's fees and other damages.  *See* Complaint.  Accordingly, the amount in controversy exceeds $75,000, exclusive of interest and costs.

14.    The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 and, therefore, this action may be removed pursuant to 28 U.S.C. §§ 1441 and 1446.

## II. **VENUE**

15. Venue is proper in the District of New Mexico because this District embraces the location where the state court action is pending.

## IV. **COMPLIANCE WITH THE RULES**

16. All procedural requirements related to the removal of this action have been satisfied.

17. True and correct copies of "all process, pleadings, and orders served upon" Defendants in the state court action are attached hereto as Exhibit A. *See* 28 U.S.C. § 1446(a), D.N.M.LR-Civ. 81.1(a).

18. Safeco are timely in filing this Notice of Removal within thirty days after receipt, through service or otherwise, of a copy of the initial pleading setting forth claims for relief. *See* 28 U.S.C. § 1446(b), Exhibit A.

19. Safeco has filed a Notice of Filing of Notice of Removal in the pending state court action in the Second Judicial District, County of Bernalillo, State of New Mexico, Case No. D-202-CV-2016-00831, which is attached hereto as Exhibit B. *See* 28 U.S.C. § 1446(a).

20. A copy of this Notice of Removal will be promptly served upon counsel for Plaintiff as specified in the certificate of service. 28 U.S.C. § 1446(d).

21. Pursuant to Fed.R.Civ.P. 81(c), Safeco will present its defenses by pleading at the time prescribed therein and specifically reserves its right to assert all defenses.

WHEREFORE, Defendant, Safeco Insurance Company of America, respectfully requests that the action now pending in the Second Judicial District, County of Bernalillo, State of New Mexico, Case No. D-202-CV-2016-00831, be removed therefrom to this Court and that all further proceedings be had in this Court.

Respectfully Submitted,

SIMONE, ROBERTS & WEISS, P.A.


/s/ Meena H. Allen
MEENA H. ALLEN
1700 Louisiana Blvd., N.E., Suite 240
Albuquerque, NM  87110
(505) 298-9400
mallen@srw-law.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 11th day of March, 2016, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Cloyd G. Hinkle
Warren F. Hire, II
Hinkle Law Offices, P.C.
3939 San Pedro, N.E., Bldg. A
Albuquerque, NM 87110

*Attorneys for Plaintiff*

/s/ Meena H. Allen
Meena H. Allen