**INTERROGATORY NO. 4:** Please state whether you contend that the coverage(s) under any policy(ies) identified in answer to the previous interrogatory were affected in any manner by the language of any endorsement to the subject policy(ies) and if so, please set forth the language of each endorsement, the effective date of same, and the date same was provided to the named insured(s).

[Request is hereby made pursuant to Rule 34 of the Rules of Civil Procedure to produce, or permit Plaintiff to inspect and copy, each and every document or item listed in response to this Interrogatory. It is specifically requested that such documents or items be produced at the offices of Hinkle Law Offices, P.C., for inspection and copying at a mutually convenient time not later than thirty (30) days after the filing and service of these Interrogatories and Requests for Production.]

**ANSWER:**

**INTERROGATORY NO. 5:** If Defendant has been party to any legal action brought for fraud, breach of fiduciary duties, breach of the duty of good faith and fair dealing, or breach of statutory duties, describe each action by providing the names and addresses of all parties, the date of the filing of the action, the docket number of the action, the jurisdiction in which the action was filed, the substance of the facts as set out in the pleadings, whether the action has been settled, adjudicated, or is pending, the nature or result of any disposition of the action, and the name and address of the attorney representing the plaintiff in the action.

**ANSWER:**

**INTERROGATORY NO. 6:** State the date on which you first became aware of or received notice of Plaintiff's claim.

**ANSWER:**

**INTERROGATORY NO. 7:** Please set forth the date you established a claim file, the number assigned to the file, the person or persons who were assigned primary responsibility for administration of the claim file, and the present custodian of the claim file.

[Request is hereby made pursuant to Rule 34 of the Rules of Civil Procedure to produce, or permit Plaintiff to inspect and copy, each and every document or item listed in response to this Interrogatory. It is specifically requested that such documents or items be produced at the offices of Hinkle Law Offices, P.C., for inspection and copying at a mutually convenient time not later than thirty (30) days after the filing and service of these Interrogatories and Requests for Production.]

**ANSWER:**

**INTERROGATORY NO. 8:** Identify all written policies, manuals, or other written communications setting forth company practices, procedures, or policies regarding the handling of uninsured/underinsured motorist claims.

[Request is hereby made pursuant to Rule 34 of the Rules of Civil Procedure to produce, or permit Plaintiff to inspect and copy, each and every document or item listed in response to this Interrogatory. It is specifically requested that such documents or items be produced at the offices of Hinkle Law Offices, P.C., for inspection and copying at a mutually convenient time not later than thirty (30) days after the filing and service of these Interrogatories and Requests for Production.]

**ANSWER:**

**INTERROGATORY NO. 9:** Please identify each communication between Defendant and the Plaintiff relating to his claim for benefits and as to each such communication identified, please set forth the nature of such communication, and state whether any circumstance beyond your control delayed your ability to communicate with the Plaintiff regarding the processing of his claim, specifically addressing the time period between Defendant's acknowledgment letter dated July 23, 2014, requesting documentation in support of Plaintiff's claim, and Defendant's denial letter dated February 2, 2015.

[Request is hereby made pursuant to Rule 34 of the Rules of Civil Procedure to produce, or permit Plaintiff to inspect and copy, each and every document or item listed in response to this Interrogatory. It is specifically requested that such documents or items be produced at the offices of Hinkle Law Offices, P.C., for inspection and copying at a mutually convenient time not later than thirty (30) days after the filing and service of these Interrogatories and Requests for Production.]

**ANSWER:**

**INTERROGATORY NO. 10**: Does Defendant contend that any question or dispute regarding applicable coverages compromised your ability to respond to the claimant's settlement demand with other than an unqualified acceptance?

ANSWER:




**INTERROGATORY NO. 11**: State the name, address, and telephone number of any person having or claiming to have knowledge of the facts stated concerning the procedure or investigation followed with respect to Plaintiff's claim.

ANSWER:]




**INTERROGATORY NO. 12**: Identify all reports and any other documentation relating to Plaintiff's claim.

[Request is hereby made pursuant to Rule 34 of the Rules of Civil Procedure to produce, or permit Plaintiff to inspect and copy, each and every document or item listed in response to this Interrogatory. It is specifically requested that such documents or items be produced at the offices of Hinkle Law Offices, P.C., for inspection and copying at a mutually convenient time not later than thirty (30) days after the filing and service of these Interrogatories and Requests for Production.]

ANSWER:

**INTERROGATORY NO. 13**: Identify the name, occupation or title, and address of the custodian(s) of each report or other document identified in your response to the preceding interrogatory.

**ANSWER:**

**INTERROGATORY NO. 14**: List the names and addresses of all other employees and agents of your company who were in any way responsible for evaluating, managing, or handling Plaintiff's claim, and include the job title or classification held by each such individual at the time he or she handled or processed Plaintiff's claim and his or her current title or job classification.

**ANSWER:**

**INTERROGATORY NO. 15**: Of those individuals identified in your response to the preceding Interrogatory, identify those individuals in a managerial capacity who participated in any decisions regarding plaintiff's claim.

**ANSWER:**

**INTERROGATORY NO. 16:** If Plaintiff's claim was reviewed by the home office, identify each person in that office who reviewed the file, and identify all writings or other evidence of communication to and from that office regarding the handling of plaintiff's claim.

[Request is hereby made pursuant to Rule 34 of the Rules of Civil Procedure to produce, or permit Plaintiff to inspect and copy, each and every document or item listed in response to this Interrogatory. It is specifically requested that such documents or items be produced at the offices of Hinkle Law Offices, P.C., for inspection and copying at a mutually convenient time not later than thirty (30) days after the filing and service of these Interrogatories and Requests for Production.]

**ANSWER:**

Respectfully submitted,

HINKLE LAW OFFICES, P.C.

_____
Cloyd G. Hinkle
Warren F. Hire, II
3939 San Pedro, N.E. Bldg. A
Albuquerque, New Mexico 87110
(505) 883-4357

Attorneys for Plaintiff

FILED IN MY OFFICE
DISTRICT COURT CLERK
2/8/2016 2:47:29 PM
James A. Noel
Chris Peck

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

EDWARD SILVA,

    Plaintiff,

vs.                                         NO.     D-202-CV-2016-00831

SAFECO INSURANCE COMPANY
OF AMERICA,

    Defendant.

## COMPLAINT FOR UNDERINSURED MOTORIST BENEFITS AND INSURANCE BAD FAITH

Plaintiff EDWARD SILVA, by and through counsel, Hinkle Law Offices, P.C. (Cloyd G. Hinkle and Warren F. Hire, II), for his complaint against Defendant SAFECO INSURANCE COMPANY OF AMERICA, states as follows:

### GENERAL ALLEGATIONS

1. At all times material herein, Plaintiff EDWARD SILVA (hereinafter "Plaintiff"), was a resident of the City of Albuquerque, Bernalillo County, State of New Mexico.

2. Upon information and belief, Defendant SAFECO INSURANCE COMPANY OF AMERICA (hereinafter "Defendant") is a corporate insurance company, licensed to transact insurance business in the State of New Mexico.

3. Upon information and belief, Pablo Herrera (hereinafter "the tortfeasor") was an underinsured driver at the time of the accident that forms the basis of this matter.

4. Jurisdiction exists over the parties and the subject matter, and venue is proper in this Court.

5. On or about June 25, 2013, Plaintiff's former wife, Kasumi Silva, entered into a valid contract of insurance with Defendant in the State of New Mexico, which policy was in effect at all times material hereto.

6. Kasumi Silva paid all required premiums and complied with all conditions of said insurance policy and the Plaintiff was a named insured under said policy.

7. The policy of insurance issued by Defendant afforded coverage for bodily injuries caused by uninsured/underinsured motorists.

## COUNT I
## NEGLIGENCE OF THE TORTFEASOR

8. Plaintiff realleges and incorporates paragraphs 1 through 7 of his Complaint as if fully set forth herein.

9. On September 3, 2013, at approximately 7:30 p.m., the Plaintiff, on his 1991 Harley Davidson Electra Glide Ultra Classic motorcycle, was westbound in the left lane of Lomas Boulevard, N.E., approaching the intersection with Juan Tabo Boulevard, N.E., in the City of Albuquerque, Bernalillo County, State of New Mexico.

10. At the same time, the tortfeasor, driving a 2009 Chevrolet Cobalt, exited a parking lot at 12301 Lomas Boulevard, N.E., crossing westbound Lomas Boulevard, N.E., attempting to turn onto eastbound Lomas Boulevard, N.E., and driving directly into the Plaintiff's path of travel, causing the vehicles to collide.

11. As a result of the collision, the Plaintiff flew over the tortfeasor's vehicle, landing on the roadway.

12. As a direct and proximate result of the negligence of the tortfeasor, Plaintiff suffered bodily injuries, incurring medical expenses, enduring pain and suffering, and a loss of wages.

13. The tortfeasor owed Plaintiff a duty to exercise reasonable care in the operation of his vehicle.

14. The tortfeasor negligently breached that duty by failing to operate his vehicle in a safe, reasonable, and prudent manner.

15. The tortfeasor's negligence and wanton conduct was the proximate cause of the collision and Plaintiff's resulting injuries and damages. The tortfeasor's insurance carrier paid the limits of his insurance coverage.

16. Plaintiff filed a claim under the provisions of the policy issued by Defendant for underinsured motorist coverage. Plaintiff is entitled to an award of damages pursuant to the uninsured/underinsured motorist coverage with Defendant, including, but not limited to: past and future medical expenses, past and future pain and suffering, lost wages, interest, attorney's fees, and costs.

## COUNT II
## CLAIM FOR UNDERINSURED MOTORIST BENEFITS

17. Plaintiff realleges and incorporates paragraphs 1 through 16 of his Complaint as if fully set forth herein.

18. At all times material hereto, the tortfeasor was an underinsured motorist as defined by New Mexico law and contemplated by the policy of insurance issued by Defendant.

19. The Defendant's insurance policy in effect entitles Plaintiff to underinsured motorist coverage from Defendant for the injuries and damages resulting from the collision caused by the tortfeasor on September 3, 2013.

20. On November 3, 2014, Defendant sanctioned the settlement between the Plaintiff and the tortfeasor's carrier, for policy limits, after being advised that Plaintiff would be pursuing an underinsured motorist claim.

21. On February 2, 2015, Defendant denied the Plaintiff's claim for underinsured motorist coverage stating an exclusion of claims for injury and property damage sustained while occupying or operating an owned motorcycle or moped. This exclusion, and the Defendant's position, are contrary to public policy.

22. Plaintiff seeks coverage for the losses caused by the underinsured motorist and fair compensation from the Defendant pursuant to the uninsured motorist coverage for which premiums were paid.

WHEREFORE, Plaintiff prays this Court find in his favor and against Defendant and enter judgment awarding damages in an amount sufficient to compensate Plaintiff for his past medical losses and pain and suffering, his future losses, including incidental and consequential damages, prejudgment and post-judgment interest at the statutory rate per annum, or as the Court may, in its discretion, award, and such other and further relief as the Court deems just and reasonable.

## COUNT III
## BREACH OF CONTRACT

23. Plaintiff realleges and incorporates paragraphs 1 through 22 of his Complaint as if fully set forth herein.